# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION               MDL No. 2738

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the three actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc., oppose the motions.

In support of their motions to vacate, plaintiffs in all three actions argue that federal subject matter jurisdiction over their respective actions is lacking, and that plaintiffs' pending or anticipated motions for remand to state court should be decided before transfer. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016). Plaintiffs' claims, like those of plaintiffs in the MDL, arise from a common factual core—that plaintiffs' decedents allegedly developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products. Moreover, we have transferred numerous actions involving claims against retailers and other defendants to the MDL, including several actions involving claims against Walgreen Company. *See, e.g.,* Transfer Order at 1-2, *In re Johnson &*

In addition, plaintiffs in the Northern District of Illinois *Palmer* action argue that transfer is not appropriate because they assert claims against a unique defendant—Walgreen Company. Plaintiffs' arguments are not persuasive. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge.

---

[1] The *Palmer* action pending in the Northern District of Illinois was reassigned to another district judge shortly before the Panel's consideration of this matter at its September 26, 2019 Hearing Session. Plaintiffs sought to have their motion to vacate heard at a later Hearing Session. The Panel Clerk properly denied this request. Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. In *Palmer*, for instance, briefing on plaintiffs' remand motion closed more than a month before the action was reassigned.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK

By _____
Deputy Clerk

-2-

*Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738 (J.P.M.L. July 31, 2019), ECF No. 1885 (transferring action naming Walgreen Company as a defendant); Transfer Order at 2, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738 (J.P.M.L. Dec. 5, 2017), ECF No. 931 (same).

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1357 (J.P.M.L. 2016). Plaintiffs' actions here share multiple questions of fact with the actions already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan        Ellen Segal Huvelle
R. David Proctor       Catherine D. Perry
Karen K. Caldwell      Nathaniel M. Gorton

IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 2738

## SCHEDULE A

SAMBI v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:19−03715

Northern District of California

WAINSCOTT v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:19−01160

Southern District of California

PALMER, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:19−03731

Northern District of Illinois